IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDRE ADAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:17-cv-01580-AGF |
| | ) |
| CINDY GRIFFITH, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the pro se petition of Missouri state prisoner Andre Adams for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner was charged with four counts of statutory sodomy in the first degree, two misdemeanor counts of furnishing pornographic material to minors, and four counts of sexual misconduct involving a child.  The charges arose from a series of assaults perpetrated against E.W., the six-year-old daughter of Petitioner's live-in girlfriend.  The counts of sexual misconduct were dismissed before trial.  Following a trial held in December of 2010, the jury found Petitioner guilty of all remaining counts.  Petitioner was sentenced to four concurrent sentences of 30 years on the statutory sodomy counts and two concurrent sentences of one year for the furnishing pornographic material counts.

In his petition, Petitioner advances four grounds for federal habeas relief: (1) trial court error in admitting testimony regarding out of court statements made by the victim under Missouri statute 491.075; (2) jury misconduct; (3) ineffective assistance of appellate counsel for failing to raise the alleged jury misconduct on direct appeal; and (4)

ineffective assistance of trial counsel for failing to object to statements made by the prosecutor during the State's direct examination of the victim. Respondent argues that this Court should defer to the state court's determination of the application of state evidentiary law, Petitioner's second and third claims are outside the subject matter jurisdiction of this Court, and Petitioner's claims are all without merit. For the reasons set forth below, habeas relief will be denied.

## BACKGROUND

### Trial

The trial court denied Petitioner's pretrial motions to declare Missouri Statute Section 491.075 unconstitutional and to exclude testimony by V.W., K.W., B.R., and Beverly Tucker (Tucker) about out-of-court statements made by the victim. B.R., the victim's brother, testified that E.W. told him about Petitioner sexually abusing her. He then told K.W., the victim's sister. K.W. testified that E.W. told her "my [d]addy raped me." Resp. Ex. A at 420. V.W., the victim's mother, testified that E.W. told her Petitioner made her "suck on his private parts," *id*. at 433, and that K.W. told her E.W. told B.R. that Petitioner "touched" her. *Id*. at 432. Tucker, a forensic interviewer with the Children's Advocacy Services of Greater St. Louis, testified about her discussions with E.W. that outlined at least four incidents of abuse. *Id*. at 58-84.

The trial court found:

> [T]he child's statements, first of all, to her brother and then to her sister, the brother's testimony and the sister's testimony as to the circumstances, the Court finds is credible and believable, and therefore it is a sufficient basis that the Court can find that the statements made by the child to her brother and her sister are under circumstances that would cause one to believe that

2

>   the statements [were] reliable. Conditions under which they were made
>   were not such as to cause the Court to think that they were not reliable, and
>   therefore the Court finds that they are admissible under Section 491.075.
>       Same principle applies to the statements the child made to her
>   mother, and the same principle applies to the statements the child made to
>   the [CAC] interviewer Ms. Tucker. In all of those circumstances the Court
>   considers the entire context of the situation, and in the case of the video, the
>   entire content of the video, as well as testimony about specifics that may
>   not be on the video or contained in the statements. But with regard to each
>   witness, Court finds that the witness' statements are reliable, sufficient to
>   allow them to be used pursuant to Section 491.075.

*Id.* at 452-53. All four witnesses testified at trial about E.W.'s out-of-court statements.

The evidence at trial showed the following. From May to November of 2009, E.W. lived with her mother, siblings, and Petitioner. E.W. was six at the time. V.W. often worked at night and Petitioner and B.R. would look after E.W. when V.W. was at work. On November 18, 2009, E.W. went to B.R.'s room crying and told him she would tell him "what my daddy did to me." E.W. made her hands into a circle and moved them up and down by her stomach. She said Defendant made her "suck on it."

B.R. took E.W. to K.W. and told K.W. Petitioner raped her. B.R. and K.W. then took E.W. to V.W. and told her to tell her mother what she had told them. E.W. told V.W. that Petitioner made her "suck on his private parts." V.W. brought Petitioner in the room and had E.W. repeat the allegations. Petitioner denied the allegations, but E.W. insisted they were true. V.W. kicked Petitioner out of the house.

E.W. also told V.W. that Petitioner had showed her "nasty movies." There are two pornographic movies in their home. K.W. found one of the movies, "Twins do Vegas" on the living room couch, leading her to suspect it was the video E.W. reported

3

seeing. *Id*. at 627. She testified that the movie was pornographic and turned it over to the police. Detective Collin Tully (Tully) also testified that the movie was pornographic. The movie was entered into evidence, but the jury never viewed it.

During E.W.'s testimony, the prosecuting attorney asked E.W. a series of questions about her interactions with Petitioner. She repeatedly answered his questions by telling him she did not remember details about the incidents. She did not testify about any of the acts of sodomy, but she did testify about Petitioner putting on a "nasty movie." *Id*. at 510. She described the movie as containing "grown-up stuff" and men and women "doing it together" with no clothing on. *Id*. at 503-04. During the prosecutor's examination of E.W., the following interaction occurred:

> [Prosecutor]: … I see you keep looking over at [Petitioner]?
>
> [E.W.]: Yeah.
>
> [Prosecutor]: And I don't see the smile I normally see. Are you—are you nervous about being here in front of [Petitioner]?

*Id*. at 512-13. Petitioner's attorney made no objection to the interaction.

At the close of trial, the jury found Defendant guilty on all charges.

**Direct Appeal**

On direct appeal, Petitioner argued solely that the trial court erred in allowing in E.W.'s out of court statements to K.W., V.W., B.R., and Tucker pursuant to Section 491.075 because the statements lacked reliability.

The Missouri Court of Appeals rejected the claim, analyzing it under an abuse of discretion standard. The appellate court found the trial court did not abuse its discretion

4

in admitting the statements. It found the statements to B.R. were sufficiently reliable because they were made spontaneously and demonstrated knowledge not expected of a six-year-old. It further found E.W.'s statements to K.W., V.W., and Tucker were consistent with her prior statements, E.W. had no motive to fabricate, the statements showed knowledge of a subject matter not expected for a six-year-old, and the circumstances provided sufficient indicia of reliability.

**State Postconviction Proceedings**

Petitioner filed a motion seeking to vacate his convictions and sentences under Rule 29.15 on October 28, 2013. The trial court denied the motion without an evidentiary hearing and Petitioner appealed. Petitioner raised three points in his petition for postconviction relief. First, he alleged ineffective assistance of trial counsel because his attorney failed to object to potential jury misconduct when the jury found him guilty of furnishing pornography to a minor without viewing the pornography. Second, he alleged his appellate counsel was also ineffective for failing to raise the issue on appeal. Third, he alleged his trial counsel was ineffective for failing to object to statements the prosecutor made in his examination of E.W.

The appellate court denied Petitioner's first and second claims on procedural grounds. It found Petitioner's motion related only to his misdemeanor convictions for furnishing pornography to a minor, not to his felony charges, and dismissed both claims because claims related to misdemeanor convictions are not cognizable under Rule 29.15.

The appellate court denied Petitioner's third claim on the merits. It found Petitioner failed to meet his burden of alleging unrefuted facts showing counsel's

5

performance was below the standard of a reasonably competent attorney and that this failure caused prejudice. The court found the prosecutor's statements were not objectionable, holding prosecutors are permitted to comment on the demeanor of a witness and the comments here were about the witness's demeanor—her anxiety related to testifying in Petitioner's presence. Further, the court found no prejudice because the allegedly improper evidence of demeanor was also introduced by the victim's older sister, who testified that E.W. smiles most of the time. The appeals court affirmed the judgment of the motion court.

**Federal Habeas Petition**

Petitioner filed his pro se petition for writ of habeas corpus in this Court on May 24, 2017. Petitioner advances four grounds for federal habeas relief: (1) trial court error in admitting hearsay testimony regarding statements made by the victim under Missouri statute 491.075; (2) jury misconduct; (3) ineffective assistance of appellate counsel for failing to raise the alleged jury misconduct on direct appeal; and (4) ineffective assistance of trial counsel for failing to object to statements made by the prosecutor during the State's direct examination of the victim.

## DISCUSSION

Where a claim has been adjudicated on the merits in state court, the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that application for a writ of habeas corpus cannot be granted unless the state court's adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

6

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> '[C]learly established Federal law' for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions. And an 'unreasonable application of' those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice. To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Woods v. Donald*, 575 U.S. 312, 316 (2015) (quotations omitted). "This is especially true for claims of ineffective assistance of counsel, where AEDPA review must be doubly deferential in order to afford both the state court and the defense attorney the benefit of the doubt." *Id.* at 316-17. (quotation omitted).

**Ground 1: Admission of Hearsay Testimony**

Petitioner first asserts that the trial court erred in admitting out-of-court statements made by E.W. under Missouri Revised Statutes § 491.075. He contends admitting the statements is unconstitutional under both Mo. Const. art. I, §§ 10, 18(a)-(b) and under the United States Constitution. Petitioner first raised the issue in a pretrial motion and later raised it on direct appeal.

This Court will not second guess the state court's determination that the admission of E.W.'s out-of-court statements was valid under section 491.075 or under the Missouri Constitution. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 63 (1991).

Pursuant to section 491.075, the trial court uses a totality of the circumstances test to determine whether the child's out-of-court statement is sufficiently reliable to admit at trial. *State v. Sprinkle*, 122 S.W.3d 652, 661 (Mo. Ct. App. 2003). Under this test, the courts consider numerous non-exclusive factors including: (1) spontaneity and consistent repetition; (2) the child's mental state; (3) whether or not the child had a motive to fabricate the statement; (4) the child's knowledge of the subject matter of the statement; and (5) the lapse of time between when the sex acts occurred and when the child reported them. *Id.*

The trial court conducted a pretrial hearing to determine if the statements were reliable and found they were made under sufficiently reliable circumstances to be admissible under section 491.075. Resp. Ex. A at 452-453. The Missouri Court of Appeals reviewed the trial court's reliability analysis and found that the court did not abuse its discretion in admitting the hearsay testimony. Resp. Ex. E at 5-8. This Court will not second guess a state court's determination of an issue of state law.

Petitioner also contends that the introduction of the out-of-court statements violated his rights to due process and confrontation under the United States Constitution. Federal courts will reverse a state court's evidentiary ruling only if Petitioner cites errors that are "so egregious that they fatally infected the proceedings and rendered [petitioner's] entire trial fundamentally unfair." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995).

Petitioner has failed to meet his high burden. The Court cannot say the trial court erred in admitting the out-of-court statements. "Rulings on the admission or exclusion of evidence in state trials rarely rise to the level of a federal constitutional violation."

8

*Nebinger v. Ault*, 208 F.3d 695, 697 (8th Cir. 2000). Section 491.075 has repeatedly been found constitutional under the Missouri constitution. *See State v. Biggs*, 333 S.W.3d 472 (Mo. 2011). The United States Supreme Court has held that "statements by very young children will rarely, if ever, implicate the Confrontation Clause." *Ohio v. Clark*, 576 U.S. 237, 247-48 (2015). Furthermore, "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." *Crawford v. Washington*, 541 U.S. 36, 59 n. 9 (2004). E.W. testified at the trial, thus eliminating the Confrontation Clause concern, and both the trial court and Missouri appellate court found her statements were made with sufficient indicia of reliability to be introduced at trial. The introduction of these statements did not violate Petitioner's constitutional rights. Accordingly, Ground 1 will be denied.

**Grounds 2 and 3: Jury Misconduct and Ineffective Assistance of Appellate Counsel**

Petitioner claims the jury ignored the instructions issued by the court. In particular, Petitioner contends the jury failed to obey the first jury instruction, which requires the jury to participate in the trial in accordance with established rules, follow the law, determine facts "only from the evidence and the reasonable inferences to be drawn from the evidence," and base their decision "only on the evidence presented to you in the proceedings in this courtroom." Resp. Ex. A at 483-84. Petitioner points to the fact that the jury never viewed the contents of the pornographic tape as evidence that they disregarded the Jury Instructions throughout deliberations. Petitioner contends this alleged failure is jury misconduct that taints all verdicts the jury rendered and appellate counsel's failure to raise the issue of jury misconduct on direct appeal amounts to

9

ineffective assistance of counsel.  Petitioner raised these claims for the first time on appeal from the denial of his motion for post-conviction relief.  The appellate court denied both claims procedurally, finding that they were not cognizable under Missouri Supreme Court Rule 29.15.

Respondent contends that this Court lacks subject matter jurisdiction to consider these claims because Petitioner is no longer in custody for the two counts of furnishing pornography to a minor.  Resp. Ex. D at 106-09.  Respondent further argues that there are no facts to suggest the jury's decision not to watch the video affected their verdict as to the statutory sodomy charges, so Petitioner's claim fails on the merits.

First, the Court will address the jurisdictional argument.  This Court has subject matter jurisdiction over the question of whether jury misconduct has tainted the verdict on the statutory sodomy charges, but not over questions pertaining to the two counts of furnishing pornography to a minor.

For a federal court to have subject matter jurisdiction over a habeas claim, "the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  Petitioner is not in custody for the charges of furnishing pornography to a minor for the purposes of federal habeas review.  For concurrent sentences, a petitioner may be in custody for the longer sentence but not in custody for the purposes of challenging the shorter sentence if the shorter sentence has fully expired.  *Beckwith v. Koster*, No. 4:16-CV-1098 CDP, 2016 WL 3924187, at *1 (E.D. Mo. July 21, 2016).

10

Petitioner was charged with four counts of statutory sodomy, for which he is serving concurrent 30-year sentences, and two counts of furnishing pornography to a minor, which carried concurrent one-year sentences. He received credit for time spent in jail awaiting trial and completed the sentences for furnishing pornography to a minor prior to his sentencing. Resp. Ex. D at 106; Resp. Ex. J at 3. Petitioner is currently in custody for purposes of federal habeas review for the counts of statutory sodomy but not for the charges of furnishing pornography to a minor.

To the extent petitioner asserts the alleged juror misconduct taints the sodomy convictions, his claim of jury misconduct fails on the merits. In reviewing a petition for habeas corpus, the federal or state law presumption of prejudice that may apply on direct review does not apply. A federal court may only grant relief on a juror misconduct claim where the alleged misconduct "had substantial and injurious effect or influence in determining the jury's verdict." *Vigil v. Zavaras,* 298 F.3d 935, 940 (10th Cir. 2002). Petitioner has failed to meet this burden. He has shown no evidence that the jury ignored the court's instructions in reaching any of the verdicts and has alleged no facts suggesting the jury failed to follow instructions relating to the statutory sodomy charges at all.

Petitioner argues that the jury could not have reached a guilty verdict for the charges of furnishing pornography to a minor if they obeyed the instructions given to the jury, which require a jury to convict only when all elements of a charge are proven beyond a reasonable doubt and based on the jury's recollection. Petitioner further asserts that the failure to obey these instructions tainted the entire deliberation process. His

11

reasoning is that if the jury failed to obey the instructions for some charges, they must have failed to obey them for all charges. Petitioner's argument is too attenuated.

     First, Petitioner has failed to provide evidence that the jury disobeyed any of the trial court's instructions. Although they did not view the film itself, they heard testimony about the contents of the movie from V.W., Detective Tully, and E.W. herself. Second, assuming the jury did neglect instructions in deliberating the charges of furnishing pornography to a minor, Petitioner has failed to provide any evidence that the jury neglected to follow instructions while deliberating on the statutory sodomy charges. Accordingly, Petitioner's second claim will be denied.

     Petitioner also claims ineffective assistance of appellate counsel for failing to raise the issue of jury misconduct on direct appeal. Petitioner has failed to show evidence of jury misconduct. Failure to raise a meritless objection cannot support a claim of ineffective assistance of counsel. *See Gray v. Bowersox*, 281 F.3d 749, 756 n.3 (8th Cir. 2002). Petitioner has failed to show the underlying jury misconduct claim has merit, thus, his third claim will be denied.

### **Ground 4: Ineffective Assistance of Trial Counsel**

     Petitioner argues his trial counsel was ineffective because he faild to object to the prosecutor's remarks about the child victim's demeanor during direct examination. At trial, the prosecutor said, "I see you keep looking over at [Petitioner]" and when E.W. confirmed, he continued "and I don't see the smile I normally see. Are you—are you nervous about being here in front of [Petitioner]?" Resp. Ex A at 512-13. Petitioner

12

contends that this exchange is the prosecutor testifying at trial and his lawyer's failure to object amounted to ineffective assistance of counsel. Petitioner raised the claim in his motion for post-conviction relief and on appeal from the denial of that motion.

In order to state a claim of ineffective assistance of counsel, Petitioner must meet the *Strickland* standard. Petitioner must demonstrate that his counsel's performance was deficient and that he was prejudiced by that performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient representation means counsel's conduct fell below the conduct of a reasonably competent attorney. *Id.* To establish prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Federal habeas review of a *Strickland* claim is highly deferential, because "[t]he question is not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether [the] determination was unreasonable — a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 113 (2009) (internal quotations and citations omitted).

Where, as here, an ineffective assistance claim has been addressed by the state court, this Court must bear in mind that "[t]aken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (citation omitted). It is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance . . ." *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699. The failure to object, even if an objection would be appropriate,

13

does not alone establish a right to relief. *State v. Link*, 965 S.W.2d 906, 912 (Mo. Ct. App. 1998). The failure to object only rises to the level of ineffective assistance of counsel if the comment results in a substantial deprivation of the right to a fair trial. *Id*. Failure to make a meritless objection is not ineffective assistance of counsel. *Id*. Petitioner cannot meet this high burden.

The post-conviction court did not apply *Strickland* in an unreasonable manner. The court found it is permissible for a prosecutor to comment on the demeanor of a witness pursuant to *State v. Wright*, 216 S.W.3d 196, 201 (Mo. Ct. App. 2007). The court further found that the prosecutor's comment did not improperly present new demeanor evidence to the jury, as E.W.'s older sister testified that E.W. smiles frequently. Resp Ex. I at 6. This is not an unreasonable application of *Strickland*; Petitioner's fourth claim is denied.

## **CONCLUSION**

For the foregoing reasons, the Court concludes that Petitioner is not entitled to federal habeas relief. Furthermore, the Court does not believe that reasonable jurists might find the Court's assessment of Petitioner's claims for habeas relief debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. §

2254(d)(2).  *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (setting forth the standard for issuing a Certificate of Appealability).

Accordingly,

**IT IS HEREBY ORDERED** that the petition Andre Adams for a writ of habeas corpus relief is **DENIED**.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of September, 2020.